■ BAKERMAN, INC., Doing Business as MISTER DONUT, Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: We

find substantial evidence to support respondent's determination that petitioner established a policy of "requesting or directing" its counter employees to wear waitress-style uniforms which are not suitable for use outside of employment (12 NYCRR 137-3.12). Petitioner's testimony that there was no such policy conflicted with testimony from the department's witnesses who testified that they were instructed to request all employees to wear uniforms and that a vast majority of employees did wear uniforms during the period in question. This factual dispute was for the board to resolve, and the courts may not reevaluate the weight accorded the evidence (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 230). Nor do we find any error with respect to the 5% pay differential. Tips may be used as an offset only if they average 60 cents per hour (12 NYCRR 137-1.5 [a] [2]). There was literally no proof in the record as to the amount of the tips; therefore, respondent properly denied a tip offset. With respect to an offset for breaks and snacks, petitioner has not challenged the reasoning relied on by respondent, to wit, that an offset is allowed only when it is part of a wage order. Accordingly, we have no occasion to disturb the determination. (Article 78 proceeding transferred by order of Supreme Court, Erie County, Johnson, J.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.